IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BENJAMIN R. MITCHELL, II,  :
SCOTT A. O'BIER, and        :
VICTOR T. LETONOFF,         :
                            :
    Plaintiffs,             :
                            :
v.                          :   C.A. No. 14-1421-LPS
                            :
SAMUEL R. COOPER, KEITH W.  :
BANKS, each in their individual and :
official capacities, and CITY OF :
REHOBOTH BEACH, a municipal :
corporation,                :
                            :
    Defendants.             :

---

John M. LaRosa, Law Office of John M. LaRosa, Wilmington, Delaware.

    Attorney for Plaintiffs.

David H. Williams, James H. McMackin, III, and Allyson Britton DiRocco, Morris James LLP, Wilmington, Delaware.

    Attorneys for Defendants.

**MEMORANDUM OPINION**

September 29, 2015
Wilmington, Delaware

[signature] Leo P. [illegible]

STARK, U.S. District Judge:

I. INTRODUCTION

Plaintiffs Benjamin R. Mitchell, II, Scott A. O'Bier, and Victor T. Letonoff ("Plaintiffs") filed this action pursuant to 42 U.S.C. § 1983, the Fourteenth Amendment, and Delaware state law alleging violations of the Equal Protection Clause of the U.S. Constitution, procedural and substantive due process, and the implied covenant of good faith and fair dealing. (D.I. 1) Plaintiffs filed their complaint on November 20, 2014.

The defendants here are Samuel R. Cooper, the mayor of the City of Rehoboth Beach, Delaware ("City"); Keith W. Banks, the Chief of Police of the Rehoboth Beach Police Department ("the Department"); and the City of Rehoboth Beach, a municipal corporation ("Defendants"). On January 20, 2015, Defendants filed their answer. (D.I. 7) On the same date, Defendants also filed a partial motion to dismiss Plaintiffs' complaint for failure to state a claim. (D.I. 8) In particular, Defendants sought to dismiss counts II (Equal Protection) and IV (implied covenant of good faith and fair dealing), as well as the claims for punitive damages against the City. (D.I. 9)[1]

For the reasons that follow, the Court will grant Defendants' motion.

II. BACKGROUND

All three Plaintiffs are Sergeants with the Department who sought but were denied promotion to Lieutenant. (*See* D.I. 10 at 1) They bring claims that arise from the Department's creation of two new "Lieutenant vacancies." (D.I. 1 ¶ 45) Plaintiffs allege that the Department

---

[1]In their memorandum in opposition to Defendants' motion to dismiss, Plaintiffs agreed to drop their claim under the Equal Protection Clause and clarified that they are not seeking punitive damages against Rehoboth Beach. (*See* D.I. 10 at 7)

1

did not adhere to its employment policies when filling the vacancies. (*Id.* ¶¶ 61, 63) According to Plaintiffs, the Department violated its employment policies by failing to notify Plaintiffs about the vacancies and by failing to consider Plaintiffs for the positions – instead filling at least one of them with an unqualified officer. (*Id.* ¶¶ 45-61, 63)

Additionally, the complaint alleges that, under the Department's Departmental Directives ("Directives"), an officer may not be promoted to Lieutenant unless the officer holds the rank of Sergeant, with two years time-in-grade (D.I. 1 ¶¶ 29-34). It further alleges that each of the three Plaintiffs has a stellar performance record and that each Plaintiff meets the qualifications set out in the Directives for promotion to Lieutentant. (*Id.* ¶¶ 10-28, 43) Plaintiffs allege that at least one of the individuals promoted to Lieutenant was not qualified as he had never held the rank of Sergeant. (*Id.* ¶¶ 58-59, 61)

Plaintiffs further allege that the violations of the City and Department policies were deliberate and involved acts of deceit and bad faith. (*Id.* ¶¶ 87-92, 124-27) For example, Plaintiffs allege that Defendant Banks, the chief of police, told the City's commissioners that "he had two qualified candidates for promotion to Lieutenant," although in fact the candidates he was recommending were not qualified. (*Id.* ¶ 49)

### III. LEGAL STANDARDS

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted).

Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

However, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996).

## IV. DISCUSSION

The only issue the Court must resolve is whether to grant Defendants' motion to dismiss Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing. Defendants argue that Plaintiffs have failed to state a claim on which relief may be granted. *See* Fed. R. Civ.

3

Proc. 12(b)(6). Under Delaware law, the implied covenant of good faith and fair dealing applies to all employment contracts, prohibiting employers from perpetrating fraud, acting in a deceitful manner, or engaging in misrepresentations with respect to personnel decisions. *See Merrill v. Crothall Am., Inc.*, 606 A.2d 96, 101 (Del. 1992) ("[T]o constitute a breach of the implied covenant of good faith, the conduct of the employer must constitute an aspect of fraud, deceit or misrepresentation.") (internal quotation marks omitted).

Defendants contend that the covenant is actionable only when an employee "has been fired or constructively discharged." (D.I. 9 at 4) (citing *Meltzer v. City of Wilmington*, 2008 WL 4899230 at *2 (Del. Super. Ct. Aug. 6, 2008)). In Defendants' view, then, Plaintiffs have failed to state a claim because they do not allege they have been fired or constructively discharged, but instead remain employed by the City. Plaintiffs counter that the covenant applies whenever "the conduct of the employer constitutes an aspect of fraud, deceit or misrepresentation." (D.I. 10 at 8) (citing *Hudson v. Wesley College Inc.*, 1998 WL 939712, at *13 (Del. Ch. Dec. 23, 1998))

Having reviewed the relevant authorities, the Court finds that it can resolve the pending motion without deciding whether termination (or constructive discharge) is an essential element of a claim for breach of the implied covenant of fair dealing. Even assuming, arguendo, that

Plaintiffs are correct and that relief may be granted on such a claim,[2] the Court concludes that

Defendants' motion must be granted.

---

[2]Defendants correctly emphasize that in *Meltzer* the Delaware Superior Court considered this precise issue and ruled exactly as Defendants would have this Court decide here. *Meltzer* unambiguously states: "Delaware case law demonstrates that breach of the covenant of good faith and fair dealing can be claimed only when an employee has been fired or constructively discharged. Withholding or denying future promotions is insufficient as a matter of law to support a claim for constructive discharge." 2008 WL 4899230, at *2 (internal quotation marks omitted); *see also Rizzitiello v. McDonald's Corp.*, 2004 WL 396411, at *1 (Del. Super. Ct. Oct. 6, 2003) ("The court agrees with the analysis in cases in other jurisdictions holding that denials of . . . future promotions is insufficient as a matter of law to support a claim for constructive discharge.").

Notwithstanding this clear holding, the Delaware Supreme Court, in *Lord v. Souder*, expressly recognized a claim for breach of the implied covenant of good faith and fair dealing by an at-will employee "where the employer misrepresented an important fact and the employee relied thereon either to accept a new position or *remain in a present one.*" 748 A.2d 393, 400 (Del. 2000) (emphasis added) (internal quotation marks omitted); *see also E.I. duPont de Nemours & Co. v. Pressman*, 679 A.2d 436, 443 (Del. 1996) (same). It would seem that in this narrow context an employee could "remain in a present" position – and *not* be terminated or constructively discharged – and still state a claim for breach of the covenant. Consistent with this view is the Delaware Court of Chancery's decision in *Hudson*, which broadly states that "Delaware law has established that the [implied] covenant [of good faith and fair dealing] is breached when [i.e., whenever] the conduct of the employer constitutes an aspect of fraud, deceit or misrepresentation," *Hudson*, 1998 WL 939712, at *13 (internal quotation marks omitted), and which specifically considered a non-tenured college professor's claim that the covenant was breached when he was denied a promotion based on purported misrepresentations by the college's president to its Board, *id.* at *6. As Plaintiffs observe, Hudson's claim was not dismissed or resolved as a matter of law but, instead, was denied due to a lack of proof of the required fraud, deceit, or misrepresentation. (*See* D.I. 10 at 9-10) Defendants (like the Superior Court in *Meltzer*) distinguish *Hudson* based on the applicable tenure/promotion framework having been set up in such a way as to have made the denial of tenure tantamount to termination. (*See* D.I. 11 at 2-3) Even if this is true, however, it would seem to be further confirmation that the implied covenant is not *per se* limited to a termination context, emphasizing again that specific facts and circumstances must be considered.

5

In *Lord v. Souder*, the Delaware Supreme Court explained that an at-will employee's[3] action for breach of the covenant is limited to four narrow categories:

> (i) where the termination violated public policy; (ii) where the employer misrepresented an important fact and the employee relied thereon either to accept a new position or remain in a present one; (iii) where the employer used its superior bargaining power to deprive an employee of clearly identifiable compensation related to the employee's past service; and (iv) where the employer falsified or manipulated employment records to create fictitious grounds for termination.

*Lord v. Souder*, 748 A.2d 393, 400 (Del. 2000) (internal quotation marks omitted). Although the Complaint uses the words of each of these four categories (*see* D.I. 1 ¶¶ 124-27), it fails to go beyond conclusory labels and fails to plead facts that, if proven, would bring Plaintiffs' claims within any of these narrow categories.

The first and fourth categories are not adequately pled here as Plaintiffs have failed to allege they were terminated. Additionally, there are no well-pleaded factual allegations as to what public policy was allegedly violated, *see Pressman*, 679 A.2d at 441-42 (requiring identification of "an explicit and recognizable public policy"), or as to any of Plaintiffs' employment records being falsified. Similarly, the third category is not adequately pled here as Plaintiffs do not allege how Defendants used their superior bargaining position or how they deprived Plaintiffs of "clearly identifiable compensation" for past services.

---

[3] As Plaintiffs have not pleaded the existence of a written employment contract, the Court presumes that their employment is at-will. *See generally Carlson v. Hallinan*, 925 A.2d 506, 527 (Del. Ch. 2006) (explaining, "[i]n employment law, there is a strong presumption against permanent positions," and an employee is presumed to be at-will unless "a clear and definite intention to overcome the presumption [of at will employment is] expressed in the contract" (internal quotation marks omitted)).

Plaintiffs come closest to stating a claim under the second category, but even here they fail as well. While Plaintiffs claim that the Department misrepresented an important fact – by failing to post or communicate the Lieutenant vacancies – they do not allege any facts demonstrating that Plaintiffs somehow relied on this misrepresentation by remaining in their positions. (*See* D.I. 1 ¶ 125) Drawing all reasonable inferences in favor of Plaintiffs, they are essentially pleading that Defendants misrepresented that there were no Lieutenant vacancies at a time when, in fact, there were (new) Lieutenant vacancies for which Plaintiffs were qualified to apply. But Plaintiffs do not further allege that they would have left their positions as Sergeants had they known the truth, nor do they make any allegations as to how their continued employment with the Department was in reliance on Defendants' misrepresentations.

Because Plaintiffs' claim does not fall into one of the four categories specified by the Delaware Supreme Court, and because the claim does not otherwise indicate the presence of fraud, bad faith, or other inequitable conduct, the Court finds that Plaintiffs have failed to state a claim with respect to Count IV of their complaint. *See generally Lord*, 748 A.2d at 402 (holding that four categories articulated above are "exclusive" and explaining that "[r]equiring at-will employee-plaintiffs to fit within one of the four established *Pressman* categories will prevent further erosion of an employment at-will doctrine already riddled with exceptions").

V. **CONCLUSION**

For the reasons provided above, the Court will grant Defendants' partial motion to dismiss for failure to state a claim. An appropriate Order will be entered.