IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BENJAMIN R. MITCHELL, II, SCOTT A. O'BIER, and VICTOR T. LETONOFF<br><br>Plaintiffs,<br><br>v.<br><br>SAMUEL R. COOPER, KEITH W. BANKS, each in their individual and official capacities; and CITY OF REHOBOTH BEACH, a municipal corporation<br><br>Defendants. | : | C.A. No. 14-1421-LPS |

---

John M. LaRosa, LaRosa & Associates LLC, Wilmington, DE

Attorney for Plaintiffs.

David H. Williams, James H. McMackin, III, Allyson Britton DiRocco, Morris James LLP, Wilmington, DE

Attorneys for Defendants.

---

**MEMORANDUM OPINION**

January 9, 2017
Wilmington, Delaware

**STARK, U.S. District Judge:**

Plaintiffs Benjamin R. Mitchell, II ("Mitchell"), Scott A. O'Bier ("O'Bier"), and Victor T. Letonoff ("Letonoff" and, with Mitchell and O'Bier, "Plaintiffs") filed this action against Defendants Samuel R. Cooper ("Cooper"), Keith W. Banks ("Banks"), and the City of Rehoboth Beach (the "City" and, with Cooper and Banks, "Defendants"), alleging, among other things, violations of procedural and substantive due process, pursuant to 42 U.S.C. § 1983. (D.I. 1)

Pending before the Court is Defendants' motion for summary judgment. (D.I. 42) ("Motion") The Court heard argument on Defendants' Motion as part of the pretrial conference held on January 6, 2017. A jury trial is scheduled to begin on January 17, 2017.

For the reasons stated below, the Court will grant in part and deny in part the Motion.

## I. BACKGROUND

Plaintiffs are Sergeants in the Rehoboth Beach Police Department (the "Department"), while Defendants Cooper and Banks are the City's Mayor and Chief of Police, respectively. (*See* D.I. 1 ¶¶ 4-6, 8-9) Plaintiffs' claims arise out of the Department's creation of two new "Lieutenant vacancies" in or around December 2013. (*Id.* ¶ 45) Plaintiffs allege that Defendants violated the Department's employment and promotion policies by failing to notify qualified applicants about the vacancies and by failing to consider Plaintiffs for the positions; instead, Plaintiffs contend, Defendants filled these positions with unqualified officers. (*See id.* ¶¶ 45-61, 63) Specifically, Plaintiffs allege that Defendants' actions violated Departmental Directive 34 ("Directive 34"), the Department's policy that "governs [the] promotion of police officers to the rank of Lieutenant." (*Id.* ¶ 31; *see also id.* ¶ 34) Plaintiffs further allege that Defendants' actions violated the City's Personnel Code, which requires the City to "notif[y] [applicants] of

vacancies" by advertising the vacancies when they arise and to make promotion decisions based on merit. (*See id.* ¶¶ 63-73)[1]

Plaintiffs filed their complaint on November 20, 2014, alleging the following claims: a violation of Procedural Due Process under 42 U.S.C. § 1983 (Count I); a violation of Equal Protection under 42 U.S.C. § 1983 (Count II); a violation of Substantive Due Process under 42 U.S.C. § 1983 (Count III); and a violation of the implied covenant of good faith and fair dealing under Delaware law (Count IV). (*See id.* ¶¶ 104, 112, 122, 128) On September 29, 2015, the Court granted Defendants' Partial Motion to Dismiss Counts II and IV and to dismiss Plaintiffs' claims for punitive damages against the City. (*See* D.I. 23 at 1) Defendants filed their pending Motion, seeking summary judgment with respect to the remainder of Plaintiffs' claims, on April 21, 2016. (*See* D.I. 42)[2]

---

[1]As Defendants point out, the complaint does not expressly reference the City Code provision relating to merit selection (Section 46-6F). (*See* D.I. 43 at 17 n.9) Whether Plaintiffs should be deemed as having waived any claim based on an alleged violation of this provision is addressed later in this Memorandum Opinion. (*See infra* Part III.A.2.b)

[2]In their brief in opposition to Defendants' Motion, Plaintiffs contend that they were "denied . . . an opportunity to be heard on their grievance" "for being denied . . . promotions." (D.I. 47 at 10) Defendants ask the Court to treat this claim as waived, as Plaintiffs did not present it in their complaint. (*See* D.I. 52 at 2 n.4) The Court agrees with Defendants that this claim has been waived and, therefore, the Court will not address it. *See generally Bell v. City of Philadelphia*, 275 F. App'x 157, 160 (3d Cir. Apr. 23, 2008) ("[P]laintiff[s] may not amend [their] complaint through arguments in [their] brief in opposition to a motion for summary judgment.") (internal quotation marks omitted). Unlike the City Personnel Code (discussed, among other places, in footnotes 1 and 6), Plaintiffs did not even mention the grievance issue in their complaint. Additionally, Plaintiffs' new grievance theory appears to be directed to whether the process accorded to Plaintiffs was adequate, which is not in dispute in the pending Motion, which challenges instead whether Plaintiffs can show that they have a protected property interest.

## II. LEGAL STANDARDS

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986). An assertion that a fact cannot be – or, alternatively, is – genuinely disputed must be supported either by citing to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) & (B). If the moving party has carried its burden, the nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587 (internal quotation marks omitted). The Court will "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

To defeat a motion for summary judgment, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586; *see also Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (stating that party opposing summary judgment "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue" (internal quotation marks

omitted)). The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment;" a factual dispute is genuine only where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (internal citations omitted); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (stating entry of summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"). Thus, the "mere existence of a scintilla of evidence" in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment; there must be "evidence on which the jury could reasonably find" for the nonmoving party. *Anderson*, 477 U.S. at 252.

## III. DISCUSSION

Defendants seek summary judgment on Plaintiffs' remaining Procedural Due Process and Substantive Due Process claims. The Court addresses each claim below.

### A. Procedural Due Process

In order to prevail on a claim for a violation of Procedural Due Process, Plaintiffs need to show, by a preponderance of the evidence, (i) deprivation by state action of a constitutionally protected interest in life, liberty, or property (ii) without due process of law. *See Zinermon v. Burch*, 494 U.S. 113, 125 (1990); *Kaminski v. Twp. of Toms River*, 595 F. App'x 122, 125 (3d Cir. Dec. 23, 2014). In their Motion, Defendants contend that they should be granted summary judgment on Plaintiffs' Procedural Due Process claims because Plaintiffs cannot show they have

been deprived of "a property interest . . . in the promotional process." (D.I. 43 at 11) In response, Plaintiffs contend that they have a protected property interest due to: (a) Directive 34, (b) the City Personnel Code's advertising provision, and/or (c) the City Personnel Code's merit selection provision, in combination with other evidence. For the reasons explained below, the Court concludes that neither Directive 34 nor the advertising provision create a protected property interest, but also that summary judgment for Defendants is not warranted because a reasonable jury could find that the merit selection provision – in combination with other evidence – may give rise to a protected property interest.

**1. Directive 34 Does Not Create a Constitutionally Protected Property Interest**

Defendants argue that they are entitled to summary judgment because Plaintiffs had no protected property interest in the Department's promotion process as outlined in Directive 34. (*See* D.I. 43 at 14) Defendants explain that Directive 34 "does not discuss . . . promotion considerations in terms of a 'benefit' or 'right' of the employee," and emphasize that the Directives are "subject to change at the discretion of the Chief [of Police]." (*Id.* at 14-15) Defendants point to Article 5.6 of the Collective Bargaining Agreement ("CBA") between the City and the Department's employees' union, which provides, in relevant part, "If no objections are raised by the Union to the [City's] change[s to the Directives] or if the [Union and City] cannot reach agreement, the City may implement [its proposed changes] after providing notice of the change to each employee." (D.I. 49 Ex. 17 at 7) In Defendants' view, "[t]he discretionary nature of Directive 34 . . . demonstrates that the Directives do not confer a protected property

right worthy of procedural due process."[3] (D.I. 43 at 14)

Plaintiffs counter that "the CBA incorporates by reference" Directive 34, creating "a property interest in [Directive 34's] promotion scheme." (D.I. 47 at 18-19) In particular, Plaintiffs point to Article 5.1 of the CBA, which provides, in pertinent part, "The Manual of Directives, Rules, and Regulations Governing the City [the Departmental Directives] shall apply to all employees covered by this Agreement except if it is inconsistent with the terms and conditions of this Agreement." (D.I. 49 Ex. 17 at 6)

"State law creates the property rights protected by the Fourteenth Amendment." *Kelly v. Borough of Sayreville*, 107 F.3d 1073, 1077 (3d Cir. 1997). Under Delaware law, "[p]roperty interests may be created by state or federal statute, municipal ordinance, or by an express or implied contract." *Bowers v. City of Wilmington*, 723 F. Supp. 2d 700, 706 (D. Del. 2010). However, a plaintiff "alleging a property interest in a benefit protected by due process must go beyond showing an unsubstantiated expectation of the benefit." *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1256 (3d Cir. 1994) (internal quotation marks omitted). "In determining whether a given benefits regime creates a property interest protected by the Due Process Clause, we look to the [legal criteria] governing the . . . benefit[]." *Kapps v. Wing*, 404 F.3d 105, 113 (2d Cir.

---

[3]Defendants also argue that Directive 34 was not "controlling at the time of the December 2013 [Lieutenant] promotions" because it had been "superseded" by the Promotions Article of the CBA as well as the Department's adoption of a Lieutenant job description. (D.I. 43 at 12-13) Plaintiffs respond that neither the CBA nor the Lieutenant job description superseded Directive 34. (*See* D.I. 47 at 3-5) As discussed in greater detail in Section III.A.2.b below, the parties have genuine, material disputes with respect to whether Directive 34 was superseded by the CBA, the Lieutenant job description, or both. For purposes of the issue being addressed here in Section III.A.1, however, the Court need not consider whether Directive 34 was controlling because, even if it was, it did not create a protected property interest within the meaning of the Due Process Clause.

2005). "Where those [criteria] meaningfully channel official discretion by mandating a defined administrative outcome, a property interest will be found to exist." *Id.* (internal quotation marks omitted); *cf. Olim v. Wakinekona*, 461 U.S. 238, 248 (1983) ("[A] State creates a protected liberty interest by placing substantive limitations on official discretion.").

Here, the Court agrees with Defendants that Directive 34 does not confer a protected property interest. Although Article 5.1 of the CBA provides that certain Directives may "apply to all employees covered by" the CBA (D.I. 49 Ex. 17 at 6), Defendants correctly argue that Article 5.6 "preserves the [City's] discretion to change [the] Directives after notice of the change to each employee." (D.I. 43 at 15) The City's discretion to change the Directives "[is] not constrained by any legal criteria," *Eidson v. Pierce*, 745 F.2d 453, 462 (7th Cir. 1983), that "place substantive limitations on official discretion," *Wash. Legal Clinic for the Homeless v. Barry*, 107 F.3d 32, 36 (D.C. Cir. 1997) (internal quotation marks omitted). *See also Lord v. Erie County*, 476 F. App'x 962 (3d Cir. Apr. 24, 2012) (finding no protected property interest in employee handbook where County had discretion to add, delete, or modify such statements). For these reasons, Directive 34 does not create a constitutionally protected property interest.

**2. City Personnel Code**

Defendants further contend that the City Personnel Code, like Directive 34, "creates no property interest protected by the Due Process Clause." (D.I. 43 at 16) Plaintiffs identify two provisions of the Personnel Code which they contend do create a protected property interest: 46-6E, relating to advertising; and 46-6-F, relating to merit selection. The Court addresses each below.

**a. Advertising provision**

The Court agrees with Defendants that Section 46-6E of the City's Personnel Code does not confer a property right that the Lieutenant vacancies be advertised. (*See* D.I. 43 at 16) In pertinent part, Section 46-6E of the Personnel Code provides:

> Advertisement. Job announcements shall be advertised in newspapers, journals and/or employment centers in order to attract qualified applicants. At the discretion of the City Manager, there will be no advertisement if there is at least one City employee applicant, and the vacant position represents a logical promotion from the position currently held or a condition exists requiring that an employee be hired immediately in order to avoid a serious disruption of City services.

(D.I. 49 Ex. 21 at 1)

"In determining whether a given benefits regime creates a property interest protected by the Due Process Clause, we look to the [legal criteria] governing the . . . benefit[]." *Kapps*, 404 F.3d at 113. "Where those [criteria] meaningfully channel official discretion by mandating a defined administrative outcome, a property interest will be found to exist." *Id.* (internal quotation marks omitted); *see also Wallace v. Robinson*, 940 F.2d 243, 251 (7th Cir. 1991) ("It is true that mere procedures, without more, do not necessarily indicate that a state has erected a . . . property interest protected by the Constitution.").

Two conditions must be met before the City Manager may exercise his or her discretion not to advertise a vacancy: (1) "there is at least one City employee applicant," and (2) "the vacant position represents a logical promotion from the position currently held or a condition exists requiring that an employee be hired immediately in order to avoid a serious disruption of City services." (D.I. 49 Ex. 21 at 1) While the first condition does provide a specific directive,

requiring that there be "at least one City employee applicant" before the City Manager exercises his or her discretion (*id.*), the second condition may be met "depend[ing] on discretionary judgments [that], in some respects, [may] not [be] constrained by any legal criteria." *Eidson*, 745 F.2d at 462. Section 46-6E allows the City Manager to refrain from advertising a vacancy if "the vacant position represents a logical promotion from the position currently held" or if "a condition exists requiring that an employee be hired immediately in order to avoid a serious disruption of City services" (D.I. 49 Ex. 21 at 1), but does not provide additional criteria that would "substantive[ly] limit[] . . . official discretion." *Barry*, 107 F.3d at 36 (internal quotation marks omitted). As such, Section 46-6E "cannot be considered to channel official discretion . . . meaningfully" "by mandating a defined administrative outcome." *Kapps*, 404 F.3d at 113. Therefore, Section 46-6E does not confer a protected property interest.

Plaintiffs do not really contend that Section 46-6E confers a protected property interest. Instead, Plaintiffs argue that "there was no City Manager in place to make the decision or exercise the discretion not to advertise in December 2013," when the vacancies arose. (D.I. 47 at 6) But the record is undisputed that the retiring City Manager was appointed as Acting City Manager until the commencement of the employment of the new City Manager. (*See* D.I. 44 at A281) It is also plain that the conditions identified in 46-6E for not advertising were met, at least because the Lieutenant position represented a logical promotion from the position currently held by several City employees who were interested in the position, including Plaintiffs as well as the two individuals who ultimately received the promotions.

**b. Merit selection provision**

Defendants further contend that Section 46-6F of the City's Personnel Code does not

confer a protected property interest in the City's merit-based promotion system. (*See* D.I. 43 at 17) In relevant part, Section 46-6F provides:

> Merit hiring. Selection of employees shall be based on merit as determined by competitive examination or other appropriate standards measuring skills, knowledge, education and experience relevant to the vacant position. Examinations and other standards will fairly measure the abilities and aptitudes of candidates for the duties to be performed and shall not include inquiry into political or religious affiliation, race, national origin, age, sex, marital status, or disability.

(D.I. 49 Ex. 21 at 1)

In Defendants' view, "Section 46-6F cannot be read as creating a protected property interest" in being promoted because it "does not impose particularized standards or criteria that significantly constrain the authority and broad discretion of [City officials] to make promotion decisions." (D.I. 43 at 17)

Plaintiffs respond that the City "has a merit-based promotional scheme [that] cannot reasonably be construed to permit Lieutenant promotions at the 'will and pleasure' of . . . any City official." (D.I. 47 at 17) In Plaintiffs' view, "the City Charter, City Code, and the Department's rules and regulations including Directive 34," taken together, "require that qualified candidates receive appointment to an open Lieutenant position." (*Id.*) Plaintiffs further contend that the Department's conduct and officials' statements "imply promises that . . . [Plaintiffs] have a protected property interest in the City's merit-based promotional system." (*Id.* at 20)

In their reply brief, Defendants argue that Directive 34 is not controlling because "the CBA supersedes Directive 34." (D.I. 52 at 9-10) In particular, Defendants argue that "[t]he

Promotions Article of the CBA is inconsistent with Directive 34," thereby supplanting Directive 34's provisions with respect to the Department's promotion policy. (*Id.* at 10) As further evidence that Directive 34 was not controlling, Defendants' point to a Lieutenant job description the Mayor and Commissioners adopted in 2003, which does not contain the same qualification requirements as Directive 34. (*See* D.I. 43 at 7 n.6 (citing evidence))

The record reveals genuine disputes of material fact, making summary judgment unwarranted. There is evidence in the record from which a jury could reasonably conclude that Directive 34 was not controlling in December 2013 – because, for instance, it was superseded by the CBA, or due to adoption of the new Lieutenant job description, as Defendants contend[4] – or, alternatively, that Directive 34 was controlling – as the Police Chief never exercised his discretion to repeal it and it is not inconsistent with the CBA, which is silent as to promotions to the Lieutenant position. The evidence relating to the 2003 promotion to Lieutenant of an officer (Patrolman McCabe) who did not hold the rank of Sergeant – as to which the Union filed a grievance but did not pursue it – is similarly equivocal, reasonably supporting the competing conclusions that Directive 34's requirements were still effective (otherwise why file a grievance?) or were not (otherwise why settle the grievance?).[5]

Although the Court has held that Directive 34 in and of itself does not create a protected property interest, *see supra* Part III.A.1, a protected property interest may have been created by

---

[4]*See generally* D.I. 52 at 5 ("Thus, a combination of the Promotions Article in the CBA, and the [Lieutenant] job description adopted by the Mayor and Commissioners in 2003, superseded Directive 34.").

[5]McCabe left the City to join the Delaware State Police soon after his promotion to Lieutenant. (*See* D.I. 49 Ex. 5 at 69) According to Plaintiffs, litigation was also initiated regarding this promotion. (*See* D.I. 47 at 4 n.20, 5 n.22)

the combination of Directive 34 (if found controlling), which was incorporated by reference in the CBA; Section 46-6F's merit selection provision; along with the City Charter, City Code, the Department's rules and regulations, and the Department's conduct and its officials' statements. That property interest may be found to have been violated by how the Lieutenant positions were filled in 2013. These conclusions render summary judgment unwarranted.

Defendants contend that "Section 46-6F of the City's Personnel Code does not create a protected property interest in being promoted because, while it provides for selection on the basis of merit, the City retains broad discretion in making promotions." (D.I. 43 at 2) Much of what Defendants state is correct. Yet Section 46-6F did not leave Defendants discretion to make these promotion decisions ***not*** based on merit and there is a genuine dispute of material fact as to whether that is what occurred here.[6]

---

[6]Defendants also point out that "[t]he complaint does not allege a violation of Section 46-6F." (D.I. 43 at 17 n.9) Hence, according to Defendants, the Court should "reject[]" "Plaintiffs['] attempt to salvage the[ir] procedural and substantive due process claims by asserting a violation of Section 46-6F." (*Id.*)

The Court is not persuaded that it should grant Defendants summary judgment on this basis. The Court views Plaintiffs' briefing and oral argument to include a request for leave to amend the complaint to conform to the evidence obtained during discovery, and with respect to Section 46-6F, the Court will grant that request. *See generally* Fed. R. Civ. P. 15(a) (directing that leave to amend be granted freely "when justice so requires"); *see also Howze v. Jones & Laughlin Steel Corp.*, 750 F.2d 1208, 1212 (3d Cir. 1984) ("Delay alone . . . is an insufficient ground upon which to deny a motion to amend. . . . Rather, the touchstone is whether the non-moving party will be prejudiced if the amendment is allowed.") (internal citation omitted); *Heyl & Patterson Int'l, Inc. v. F.D. Rich Hous. of V.I., Inc.*, 663 F.2d 419, 425-26 (3d Cir. 1981) ("Although formal motion for leave to amend was never made after the trial had begun, the trial court's treatment of the Government's opening statement on their defenses as further amendments to the pleadings does not constitute reversible error. The procedure for obtaining leave to amend pleadings set forth in Rule 8 of the [Federal Rules of Civil Procedure] should generally be heeded, but rigid adherence to formalities and technicalities must give way before the policies underlying Rule 15. [T]he federal rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle

Defendants further argue that even if Plaintiffs had a protected property interest in the Department's merit-based promotion system, "[Defendant] Banks considered all of the police officers in the [Department,] including . . . Plaintiffs, and selected the two officers best suited for the [Lieutenant] positions." (D.I. 43 at 17) But this contention highlights yet another genuine dispute of material fact: there is no documentary record of whom Banks did or did not consider and a reasonable jury – hearing all the evidence, and assessing the credibility of Banks and others – may find, as Plaintiffs contend, that "Banks . . . did not consider Plaintiffs . . . and did not give Plaintiffs any chance at all to be considered." (D.I. 47 at 5 (internal citation omitted))

Accordingly, the Court will deny Defendants' motion for summary judgment.

---

that the purpose of pleading is to facilitate a proper decision on the merits.") (internal quotation marks omitted).

While it has taken until late in the case for Plaintiffs to articulate their theory that their Procedural Due Process rights were violated due, in part, to a property interest created in Section 46-6F, Plaintiffs did cite to the City Personnel Code (including Section 46-6E) in their complaint; there is no indication that Plaintiffs' reliance at this stage of the case on Section 46-6F is a surprise or otherwise prejudicial to Defendants; and, at base, the Court is not persuaded it should deprive Plaintiffs of the opportunity to prove their alleged constitutional violations to a jury based on their counsel's belated articulation of the sole theory the Court concludes survives summary judgment. *See generally Gooding v. Warner-Lambert Co.*, 744 F.2d 354, 358-59 (3d Cir. 1984) ("It is a sound and established policy that procedural technicalities should not be used to prevent Title VII claims from being decided on their merits. . . . Given this policy, and the fact that the plaintiff's complaint adequately alleged the basis of her claim, thus eliminating any possibility of prejudice to the defendants, it was an abuse of discretion not to grant leave to amend in this case.") (internal citations omitted); *Sherman v. Hallbauer*, 455 F.2d 1236, 1242 (5th Cir. 1972) ("[Plaintiffs] advanced the[ir] contractual theory late in the day. But Rule 15 of the Federal Rules of Civil Procedure permits part[ies] to amend [their] pleadings out of time by leave of court. . . . [W]e conclude that in the interests of justice the district court should have construed [Plaintiffs'] . . . revised theory of the case, as plainly set forth in their memorandum in opposition to summary judgment, as a motion to amend the pleadings filed out of time.").

### 3. If Directive 34 Is Found to Govern, Mitchell Was Not Eligible for Promotion to Lieutenant

Finally, with respect to Plaintiffs' Procedural Due Process Claim, if it is found that Directive 34 did govern the December 2013 Lieutenant promotions, then Defendants will be entitled to judgment as a matter of law on Plaintiff Mitchell's claim. This is because Mitchell was not qualified for promotion to Lieutenant under Directive 34.

In relevant part, Directive 34 provides:

> To be eligible for consideration for promotion, each candidate must meet the following minimum requirements:
>
> . . . .
>
> 4. For Lieutenant:
>
> . . . .
>
> > e. Annual performance evaluations within the 2 year period immediately next preceding the current evaluation period have met the minimum standard of the department, with no single rating category of "Unsatisfactory."
> >
> > f. No more than 8 hours of total suspension time given or disciplinary reductions in rank within the one year period immediately next preceding the effective date of the promotion.

(D.I. 44 at A134-36)

As Defendants point out, it is undisputed that "Mitchell was suspended for 120 hours for failing to meet physical fitness standards in February of 2013" and further that he "obtained an unsatisfactory rating . . . on a performance evaluation [that] was dated January 24, 2013." (D.I. 43 at 15) Therefore, by the terms of Directive 34, Mitchell was not eligible for promotion to

Lieutenant in December 2013. Thus, even taking the evidence in the light most favorable to Mitchell, no reasonable jury could find that he was deprived of Procedural Due Process, even if Directive 34 created a protected property interest in those who met Directive 34's requirements.

Notwithstanding this analysis, Defendants are not entitled to summary judgment against Mitchell on this basis. This is because, as explained above in connection with the City Personnel Code merit selection provision, the record reveals a genuine dispute of material fact as to whether Directive 34 was still in effect in December 2013. At trial, the jury will be asked to make a specific finding as to whether Directive 34 governed the December 2013 Lieutenant promotions. If the jury answers this question in the affirmative, the Court will be required to enter judgment in favor of Defendants on Mitchell's Procedural Due Process claim.[7]

**B. Substantive Due Process**

Defendants seek summary judgment that Plaintiffs' Substantive Due Process claim "fails as a matter of law because there is no fundamental . . . right at stake." (*See* D.I. 43 at 16) Specifically, Defendants argue that "[p]ublic employment is not a fundamental property interest entitled to substantive due process protection." (D.I. 52 at 8) Plaintiffs oppose Defendants' motion, arguing that the Personnel Code and Directive 34 "clearly delineate a particular state employment structure and accord[] . . . Plaintiffs a reasonable expectation that their employment statuses would be determined through . . . enumerated procedures." (D.I. 47 at 14)

"[W]hen a plaintiff challenges a non-legislative state action (such as an adverse

---

[7]To put it another way, if Plaintiffs prevail in proving their contention that Directive 34 "sets forth the appropriate standards for merit selection of Lieutenants" as required by 46-6F (D.I. 47 at 8 (internal punctuation and emphasis omitted)), then Plaintiff Mitchell cannot prevail on his claims, because he did not meet the applicable merit selection requirements.

employment decision), we must look, as a threshold matter, to whether the property interest being deprived is 'fundamental' under the Constitution." *Nicholas v. Pa. State Univ.*, 227 F.3d 133, 142 (3d Cir. 2000). "If it is, then substantive due process protects the plaintiff from arbitrary or irrational deprivation, regardless of the adequacy of procedures used." *Id.* "If the interest is not 'fundamental,' however, the governmental action is entirely outside the ambit of substantive process." *Id.*

"State-created rights such as [Plaintiffs'] contractual right to promotion do not rise to the level of 'fundamental' interests protected by substantive due process." *Charles v. Baesler*, 910 F.2d 1349, 1353 (6th Cir. 1990); *see also Local 342 v. Town Bd.*, 31 F.3d 1191, 1196 (2d Cir. 1994) ("We do not think . . . that simple, state-law contractual rights, without more, are worthy of substantive due process protection."). Even to the extent that Plaintiffs' rights arise out of the Personnel Code, Plaintiffs' rights still "'bear[] little resemblance to the fundamental interests' [that] enjoy substantive due process protections." *Mrazek v. Stafford Twp.*, 2016 WL 5417197, at *8 (D.N.J. Sept. 28, 2016) (quoting *Nicholas*, 227 F.3d at 140); *see also Bheemarao v. City of New York*, 141 F. Supp. 2d 446, 450 (S.D.N.Y. 2001) ("Even assuming . . . the existence of . . . a right [to a promotion], no one could seriously contend that it would qualify as a fundamental, constitutional right."). Therefore, the Court agrees with Defendants that Plaintiffs do not assert a fundamental right protected by substantive due process.[8]

Accordingly, the Court will grant Defendants' motion for summary judgment that Plaintiffs' Substantive Due Process claim fails as a matter of law.

---

[8]Hence, even if a reasonable jury could find a protected property interest for purposes of Plaintiffs' Procedural Due Process claim, Plaintiffs nonetheless cannot prevail on their Substantive Due Process claim.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant in part and deny in part Defendants' motion for summary judgment. An appropriate Order follows.